JOSHUA WARREN v. FRANK J. SADILEK.

FILED FEBRUARY 4, 1896.   No. 5641.

1. **Justice of the Peace:** MISCONDUCT OF OFFICER.  A justice
of the peace has no jurisdiction to hear and determine an
action brought against a public officer for misconduct in
office.  Rule applied.

2. **Judgment of Reversal Upon Finding of Error.**  *Held,* That
the findings are sufficient to support the judgment.

ERROR from the district court of Saline county.
Tried below before BUSH, J.

*J. D. Pope,* for plaintiff in error.

*E. E. McGintie* and *A. S. Sands, contra.*

NORVAL, J.

This action was brought by Joshua Warren
against Frank J. Sadilek, before a justice of the
peace, to recover the sum of $11.44.   Plaintiff had
judgment for the amount claimed, and defendant
prosecuted error to the district court, where a
judgment of reversal was entered and the action
dismissed.   Plaintiff brings the case to this court
on error.

The main question presented by the record for
decision is whether the justice of the peace had
jurisdiction of the subject-matter of the action.

Section 907 of the Code of Civil Procedure provides that "justices shall not have cognizance of any action: * * * Third—In actions against justices of the peace or other officers for misconduct in office, except in cases provided for in this title." This statute specifically prohibits one justice of the peace from adjudicating upon the official misconduct of another justice of the peace or other public officer. Therefore, if this action is predicated upon the official misconduct of the defendant while in office, as is claimed by the defendant, the justice had no power to hear and determine the same; and the judgment of the justice was properly reversed for want of jurisdiction to render it. The bill of particulars alleges, in substance and effect, that the defendant was and is the county treasurer of Saline county; that on the 28th day of July, 1891, there was due from the plaintiff as taxes on personal property for the year 1889 the sum of $49.20; that on said day demand was made upon plaintiff for said money, through the defendant's tax collector, which sum the plaintiff paid on the following day and received credit therefor in payment of his said taxes; that afterwards the defendant issued a distress warrant for the said sum of $49.20 against plaintiff for his personal taxes of 1889, which writ was levied upon certain personal property of plaintiff on July 31, 1891, and to prevent the sale thereof under said levy plaintiff paid the defendant, under protest, the amount demanded by him, to-wit, $60.67, the same being the above amount of taxes for the year 1889, and $11.47 costs, fees, and charges made under said writ; and that subsequently defendant returned to plaintiff the sum of $49.23. This action is to recover the amount aforesaid paid as fees

and costs. Do these facts show that the gist of the action is the official misconduct of the defendant as county treasurer? We must answer the question in the affirmative. It is disclosed that he received and collected the moneys from the plaintiff, not as an individual, but in his official capacity. The taxes upon which the distress warrant was issued had already been paid, and to release his property from the levy, the plaintiff was compelled to pay them again, as well as more than $11 for costs. The taxes having been previously received by the county treasurer, he was not entitled to fees or costs. If the acts of the defendant do not establish official misconduct, or, as expressed in the statute, "misconduct in office," then it is scarcely possible for a cause of action against a county treasurer for official misconduct to ever accrue. It is of the official acts and conduct of the defendant, and not his personal actions, of which complaint is made. *Neihardt v. Kilmer*, 12 Neb., 36, is not in point. As the fact alleged constitutes misconduct in office, the justice had no jurisdiction of the action.

It is insisted that the finding of the district court is insufficient to sustain the judgment of reversal. The finding was that error existed as alleged in the petition in error. This pleading contained four assignments, viz.:

1. The bill of particulars fails to state a cause of action.

2. The justice court had no jurisdiction to hear and determine the action.

3. The action is brought for alleged misconduct in office of the defendant as county treasurer, and said justice court is expressly prohibited by law from assuming jurisdiction to hear and determine said cause.

Burlington & M. R. R. Co. v. Martin.

4. The judgment of the justice court is wholly without jurisdiction of the subject-matter, and void.

The general finding by the district court of error in the record was sufficient, without specifying which assignment of the petition in error was sustained. (*Haller v. Blaco*, 14 Neb., 196.) The judgment of the court below is

AFFIRMED.